RALEIGH FITKIN-PAUL MORGAN MEMORIAL HOSPITAL AND ANN MAY MEMORIAL FOUNDATION, A NEW JERSEY CORPORATION, PLAINTIFF, v. GEORGE W. MAGILL AND MARGARET T. MAGILL, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 4, 1959.

*Mr. Robert V. Carton* argued the cause for plaintiff (*Messrs. Durand, Ivins & Carton,* attorneys).

*Mr. Joseph T. Grause* argued the cause for defendants (*Messrs. Parsons, Labrecque, Canzona & Blair,* attorneys).

MARIANO, J. S. C.  Plaintiff, a New Jersey corporation, filed a complaint in the Law Division against George W. Magill and Margaret T. Magill, his wife, alleging that the defendant George falsely and fraudulently violated his duty to the corporate plaintiff, as its purchasing agent, by converting certain funds belonging to it to his own use.  The first count asks for $54,849.55 legal damages, together with interest and costs, and is directed to the defendant George. The second count, likewise directed to him, asks for equitable relief by way of injunction, sale, impression of a lien, and an accounting in relation to certain real property held by the alleged frauddoer by the entireties with the co-defendant. The third count is directed against the co-defendant Margaret and asks for the same equitable relief as to her.  The fourth count is directed to both defendants and specifically alleges that both defendants falsely and fraudulently used the funds wrongfully obtained from the plaintiff in obtaining the real properties mentioned in the complaint, a description of which is annexed thereto and marked exhibits "B" and "C."

The lands and premises mentioned and set forth in exhibit "B" annexed to the complaint were acquired by the defendants or defendant after January 8, 1951, which is subsequent to the date of employment of defendant George W. Magill by the plaintiff. Plaintiff alleges that the defendants used the moneys so obtained to purchase the lands and premises mentioned in exhibit "B."

Tracts One and Two in schedule "C," annexed to the complaint, are lands acquired by the defendants prior to the commencement of George's alleged embezzlement of the funds belonging to the plaintiff. Tracts Three and Four mentioned in schedule "C" are lands and premises acquired by the defendant George W. Magill by devise under the last will and testament of one Annie C. B. Rose, which were acquired on or about February 7, 1959.

Plaintiffs further allege that the defendants were able to continue ownership of the premises fully set forth in schedule "C" as a result of the alleged embezzlement.

An order issued out of the Law Division on August 25, 1959, directed to defendants, ordering them to show cause why they should not be restrained from selling, conveying or encumbering any of the properties mentioned in the complaint until final hearing in the matter and granting an *ad interim* restraint. The *ad interim* restraint heretofore issued has from time to time been continued.

Defendant George W. Magill has failed to file an answering affidavit. The court has before it the affidavit of David V. Carter, administrator of the hospital, in which it is stated that on or about August 1, 1959 a meeting was held in the board room of the Fitkin Memorial Hospital, which meeting was attended by him, George W. Magill and Margaret T. Magill, defendants, and others. The affidavit further states that defendant George W. Magill confessed and admitted that he committed all of the acts set forth in the complaint. Defendant George W. Magill was afforded an opportunity to file an answering affidavit but has failed to avail himself thereof.

Defendant Margaret T. Magill filed an answering affidavit in which she states, *inter alia,* that she had no knowledge or information concerning the activity of her husband with respect to the alleged embezzlement and that the properties mentioned in schedule "C" were acquired by her husband through inheritance or acquired jointly prior to the time the alleged embezzlement commenced; that in one instance they purchased property in March 1956, for which they paid $8,000 consideration, and that the money was secured through the placing of a mortgage on another home which they owned. She further denies that any of the properties referred to in schedule "B" were purchased with moneys alleged to have been embezzled by her husband or that she had any knowledge thereof at the time of the acquisition of the said properties.

The present application is for an injunction pending the trial of the main action between the plaintiff and the defendants.

Plaintiff in the main suit states that the defendant George W. Magill has embezzled moneys belonging to the plaintiff which can be traced to certain lands which are the subject matter of the present application. Plaintiff seeks to restrain the defendants from disposing of the land pending the trial.

The granting or refusal of the restraint calls for the exercise of judicial discretion in view of all of the circumstances of the particular case. *Harriman v. Northern Securities,* 132 *F.* 464 (*C. C. N. J.* 1904). The defendants argue that under general equity principles a general creditor has no specific lien before judgment and, therefore, is not entitled to an injunction prior to judgment to prevent the debtor from disposing of his property, citing *Robert v. Hodges & Tuller,* 16 *N. J. Eq.* 299 (*Ch.* 1863). This general principle has no application here, for the plaintiff does not seek to become a general creditor of the defendants. It claims to have a specific interest in the property insofar as a constructive trust would be established upon the prop-

erty when and if a judgment of this court is entered; that the defendant George W. Magill embezzled moneys belonging to the plaintiff which can be traced to the lands. *Cluzel v. Brown,* 133 *N. J. Eq.* 156 (*E. & A.* 1943).

Other general principles have application here.

"Where, however, the sole object for which an injunction is sought, is the preservation of a fund in controversy, or the maintenance of a status quo, until the question of right between the parties can be decided on final hearing, injunction properly may be allowed, although there may be serious doubt of the ultimate success of the complainant." *Harriman v. Northern Securities,* 132 *F.* at *page* 476.

Also, *Naylor v. Harkins,* 11 *N. J.* 435, 446 (1953); *Christiansen v. Local 680 of the Milk Drivers, etc.,* 127 *N. J. Eq.* 215, 219 (*E. & A.* 1940).

██ The test of the granting of an injunction is often said to be "the balance of equities." *Naylor v. Harkins, supra.* Balancing the equities here compels the court to state that the granting of the restraint pending disposition of the suit is justified.

The plaintiff has established a *prima facie* case as to the embezzlement. Defendant George W. Magill offered to convey the lands to the plaintiff. If the plaintiff can trace the moneys embezzled into the lands and premises in question, they will establish an election to either keep the lands or have them sold to satisfy the judgment. On the other hand, a defendant is not unduly prejudiced by the temporary restraining order. The order sought is in no way a final adjudication of the rights of the parties. It should be noted that under the circumstances a conveyance by the defendants could possibly be set aside as a fraudulent conveyance. *Yeiser v. Rogers,* 19 *N. J.* 284 (1955).

It is significant that under the facts as they appear the property which is the subject matter of the restraint would be available to satisfy a judgment recovered by the plaintiff. If the defendants were permitted to dispose of the lands and premises, it would be necessary for the plaintiff to commence an independent action under the principles

heretofore adverted to to set aside the conveyance. Multiplicity of suits should be avoided wherever possible. On balance, the restraint as to the following mentioned properties appears to be justified and proper under general equitable principles.

It is the order of this court that the restraint sought be allowed with respect to the lands and premises mentioned in schedule "B" and Tracts One and Two mentioned in schedule "C." Tracts Three and Four mentioned in schedule "C," having been acquired by inheritance as recently as February 1959, should be omitted from the order because it is obvious that the moneys alleged to have been embezzled were not used to purchase the same or continue ownership or maintain the same.

Counsel will prepare order and submit the same for the court's signature.